COPE, J.,
concurring.
I concur in affirming the order denying postconviction relief but respectfully disagree with the trial court’s reasoning. Leaving aside other issues which may bar relief, the reference in the jury instruction to “escaping” is not a reference to the uncharged crime of escape.
Defendant-appellant Anthony Williams was indicted for felony murder while committing a robbery. The defendant claims that the trial court gave a jury instruction which added the crime of escape as a second basis for the felony murder charge.
The language that the defendant complains about is the following:
2. The death occurred as a consequence of and while Anthony Williams was engaged in the commission of robbery or the death occurred as a consequence of and while Anthony Williams was attempting to commit robbery, or the death occurred as a consequence of and while Anthony Williams, or an accomplice was escaping from the immediate scene of the robbery.
The “escaping” reference has nothing to do with the escape statute. It comes from Criminal Standard Jury Instruction 7.3c, *664 which states, “[The death occurred as a consequence of and while (defendant), or an accomplice, was escaping from the immediate scene of (crime alleged).]” Standard Jury Instructions — Criminal Cases No. 92-1, 608 So.2d 1175, 1189 (Fla.1992).
The defendant’s argument — that the jury instruction added an escape charge which was not contained in the indictment — is without merit.